## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

DELORES CHAPMAN,                                                        PLAINTIFFS

VS.                                                                NO. 4:05CV99-P-B

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                                        DEFENDANT

## REPORT AND RECOMMENDATION

Pending before the Court in this Social Security appeal filed pursuant to 42 U.S.C. §

405(g) is defendant's motion to dismiss on the grounds of lack of personal jurisdiction,

insufficiency of process, insufficiency of service of process and lack of subject matter

jurisdiction.  Plaintiff did not file a response to the motion.  The matter has been referred to the

undersigned United States Magistrate Judge for issuance of a report and recommendation.

Plaintiff's Social Security benefits Complaint seeks the review and reversal of a decision

of an administrative law judge ("ALJ"), who found plaintiff ineligible for, presumably, disability

benefits.  Plaintiff's Complaint states only that she is a resident of Belzoni, Mississippi, that she

has been adversely affected by a decision of defendant and that she has exhausted her

administrative remedies.

In support of its motion to dismiss, defendant has submitted the declaration of Patrick J.

Herbst, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate

Operations, Office of Hearings and Appeals, Social Security Administration.  Mr. Herbst

testified that following a March 7, 2002 court remand for further processing, the Appeals Council

remanded plaintiff's case to the ALJ, who conducted a hearing.  On July 29, 2004, an

unfavorable decision was issued by the ALJ, and plaintiff's written exceptions to said decision,

pursuant to 20 C.F.R. § 404.984(b), are still pending before the Appeals Council.

As an initial matter, because matters outside the pleadings have been submitted, the undersigned treats defendant's motion to dismiss as a motion for summary judgment. Next, because plaintiff has failed to exhaust her administrative remedies, I will only discuss the issue of the Court's lack of subject matter jurisdiction.

Section 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Under § 404.984(a) when a case such as this one is remanded by a Federal court for further consideration, the decision of the ALJ "will become the final decision of the Commissioner after remand of the case unless the Appeals Council assumes jurisdiction of the case" based on written exceptions to the ALJ's decision filed by the claimant. *See* 20 C.F.R. § 404.984(a).

In this case plaintiff's written exceptions to the ALJ's decision are still pending before the Appeals Council. As such, plaintiff has not obtained a "final decision" from the Commissioner, and this Court lacks subject matter jurisdiction. Therefore, it is recommended that plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction due to her failure to exhaust administrative remedies.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile*

*Association*, 79 F.3d 1415 (5th Cir. 1996).

      Respectfully submitted this, the 16th day of August, 2005.


              **/s/ Eugene M. Bogen**
              **U. S. MAGISTRATE JUDGE**